FILED

NOT FOR PUBLICATION

JUN 21 2017

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

ALAN E. WOOD,

Plaintiff-Appellant,

v.

NANCY A. BERRYHILL, Acting
Commissioner Social Security,

Defendant-Appellee.

No.    14-36064

D.C. No. 3:14-cv-05077-BHS

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted June 14, 2017[**]
Seattle, Washington

Before:  BYBEE, M. SMITH, and CHRISTEN, Circuit Judges.

Alan Wood appeals from the district court's judgment affirming the

Commissioner of Social Security's denial of his application for Supplemental

Security Income disability benefits.  The administrative law judge (ALJ) found that

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Wood was not disabled because he did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments at 20 C.F.R., Part 404, Subpart P, Appendix 1, and he had the residual functional capacity to perform jobs that exist in significant numbers in the national economy.  We have jurisdiction under 28 U.S.C. § 1291, and, reviewing de novo the district court's affirmance of the Commissioner's final decision, we affirm.  *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006).

1.      The introductory paragraph to Listing 12.05 requires a claimant to show deficits in adaptive functioning before the age of 22.  20 C.F.R. § 404, subpt. P, app. 1, § 12.05 (2012) (introductory paragraph).[1]  This requirement is in addition to those relating to intellectual functioning and contained in subsections A–D.  *Id.* § 12.00 (stating that in order for a claimant to meet Listing 12.05, he or she must "satisf[y] the diagnostic description in the introductory paragraph and any one of the four sets of criteria"); *see Hall v. Florida*, 134 S. Ct. 1986, 1994 (2014) ("[T]he medical community defines intellectual disability according to three criteria:

---

[1]      A revised Listing of Impairments went into effect on January 17, 2017.  *Revised Medical Criteria for Evaluating Mental Disorders*, 81 Fed. Reg. 66138-01 (Sep. 26, 2016).  But the regulations in place in November 2013, when the ALJ's decision became final, govern this appeal.  *See id.* at 66138 n.1.  ("We expect that Federal courts will review our final decisions using the rules that were in effect at the time we issued the decisions.").

2

significantly subaverage intellectual functioning, deficits in adaptive functioning (the inability to learn basic skills and adjust behavior to changing circumstances), and onset of these deficits during the developmental period."). Although Wood had a qualifying IQ score, the ALJ did not err by concluding that Wood did not meet a listed impairment because he failed to satisfy the introductory paragraph with evidence of deficits in adaptive functioning before the age of 22.

2. The ALJ gave discounted weight to Dr. Dana Harmon's opinion because Dr. Harmon reviewed Wood's records for general assistance eligibility and was not required to apply the same rules and standards as the Social Security Administration. The ALJ chose to give more weight to the opinions of five examining physicians. ALJs are not bound by the decisions of other government agencies, *see* 20 C.F.R. § 416.904, and it is not error for an ALJ to afford less weight to the opinion of a reviewing physician than to the opinions of examining physicians, *see Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001). The ALJ thus did not err by discounting Dr. Harmon's opinion.

3. The ALJ found that Wood's statements about the intensity, persistence, and limiting effects of his alleged symptoms were "not fully credible." If a claimant provides objective evidence of an underlying impairment that could reasonably produce his symptoms, "and there is no evidence of malingering," an

3

ALJ can discount the claimant's testimony "only by offering specific, clear and convincing reasons for doing so." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (internal quotation marks omitted). Here, the ALJ pointed to numerous inconsistencies between Wood's testimony about his symptoms and the record. The ALJ also articulated concerns that the record showed that Wood may have fabricated some information. These reasons, supported by the record, were sufficient to find Wood not fully credible.

**AFFIRMED.**